GEORGE PALLISER, Plaintiff, *v.* JOEL B. ERHARDT and Others, Defendants.

*Partnership — when participants in a syndicate for the development of real. estate are partners — a hotel is not one of the purposes of such a syndicate.*

Persons interested in a syndicate for the development of real estate, which was purchased with money subscribed by parties, each of whom received a preferred certificate, entitling him to the repayment out of the net proceeds of the land of the amount contributed by him towards the purchase, and a common certificate entitling him to a further payment out of such proceeds of an additional sum equal to one-half of his contribution — common certificates for the other half being issued to the two parties who acted for the syndicate in obtaining the property — are partners as to third persons who aid in the prosecution of the undertaking.

The construction of a hotel building, at an estimated cost of $115,000, is not presumably one of the purposes of the speculative acquisition of suburban real estate, which the purchasers propose to sell off in lots at a profit.

MOTION by the defendants, Joel B. Erhardt and others, for a new trial upon a case containing exceptions, ordered to be heard at the Appellate Division in the first instance, upon the verdict of a jury in favor of the plaintiff, rendered after a trial at the Westchester Trial Term.

*Hector M. Hitchings,* for the plaintiff.

*Carlisle Norwood,* for the defendants.

WILLARD BARTLETT, J. :

The plaintiff performed services as an architect at the instance of the defendants Edwards and Lowerre. The principal question presented upon this appeal is whether such services were rendered upon the employment of Edwards and Lowerre individually, or upon their employment as agents of the twenty-four defendants, constituting a copartnership for the purpose of speculating in Westchester county real estate, known as the Edwards & Lowerre Syndicate. These defendants united in the purchase of lands in the town of Greenburgh, which were conveyed to the defendant Erhardt, as trustee, who was to develop, manage and sell the same, and apply the proceeds, after the payment of taxes and expenses, in the manner stip-

ulated in certificates which were issued to the participants in the enterprise. Each subscriber received a preferred certificate entitling him to the repayment out of such proceeds of the amount which he had contributed toward the purchase money, and a common certificate entitling him to a further payment out of such proceeds of an additional sum equal to one-half of his contribution. Common certificates for the other half were issued by the trustee to the defendants Edwards and Lowerre for their work in obtaining the property for the syndicate. The position of the plaintiff is that the receipt by the defendants out of the net proceeds of a sum equal to one-half of their respective advances was a sharing in the profits of the land speculation which constituted the defendants partners, at all events, in reference to third persons; and, hence, that the moving defendants are chargeable as such with the acts of their copartners Edwards and Lowerre in employing him as an architect. On the other hand, it is contended that the undertaking of the defendants did not make the associates partners, and that the plaintiff was employed by Edwards and Lowerre on their own account, and not at all by Edwards and Lowerre as the representatives of the other defendants. They insist that the amounts payable upon the common certificates are not profits distributed among partners, but merely payments to the parties to the enterprise in the nature of a bonus for the use of their money.

Numerous cases are cited to the effect that a person does not become a partner in a firm when his only interest therein is that he is to receive a share of the profits for money which he has loaned for the benefit of the business. Many of these were reviewed by RUGER, Ch. J., in *Hackett* v. *Stanley* (115 N. Y. 625), in which the doctrine is fully recognized but is held not to apply when the agreement provides for a proprietary interest in the profits as a compensation for money advanced and time and services bestowed as a principal in the prosecution of the undertaking. In such cases it is said that the law still requires such party to be held liable as a partner. In other words, the profit sharer is to be deemed a partner where his interest is that of a principal or proprietor who has contributed to the capital stock of the enterprise as such, and who does not occupy toward the business in hand the subsidiary position of one whose interest is merely that of a lender of money.

We think that the agreement in the case at bar may fairly be regarded as making the persons who entered into it such proprietors, at all events, far enough to render them liable as partners to third parties who have aided them in the prosecution of their undertaking.

But the authority of Edwards and Lowerre to bind the other defendants who were associated with them in the syndicate did not extend beyond the purposes of the enterprise, to wit, the development, management and sale of the Westchester county lands conveyed to the trustee in their behalf. It becomes material, therefore, to inquire whether the services performed by the plaintiff at the instance of Edwards and Lowerre were in furtherance of these objects or not; for it is plain that he can recover as against the other defendants only for what he did in the direction of promoting the purposes of their speculative scheme.

The land was known as the Chauncey property. The plaintiff's services are alleged to have been rendered in supervising and overlooking the work of repairing, rebuilding and renewing mason work and brick work of the old Chauncey mansion; in reglazing, repainting and repairing the greenhouses relating to or connected therewith; in drawing plans and elevations for the restoration, remodeling and reconstruction of the old Chauncey mansion; and also in designing and drawing plans and elevations for a hotel to be erected upon the said Chauncey property. The value of these services was placed at $3,345.10 in the complaint. This claim included a commission of $2,875 for drawing plans and specifications for a new hotel. The verdict for the plaintiff was even less than this item, being only $2,000.

We can perceive no basis for any recovery in his behalf against the moving defendants, so far as the planning of this new hotel is concerned. The construction of such an edifice, at an estimated cost of $115,000, is not presumably one of the purposes of a speculative acquisition of suburban real estate which the purchasers propose to sell off in lots at a profit; and there is no evidence in the case that the erection of this hotel was ever contemplated by any of the parties whom the plaintiff now seeks to hold liable for commissions claimed to have been earned by him in the preparation of the plan.

On the other hand, some of the items of the plaintiff's claim seem

clearly to represent services in aid of the defendants in the prosecution of their undertaking. In view of the amount of the verdict, however, it is impossible to say how much, if anything, was awarded on account of such items, and how much for preparing the new hotel plans, for which the plaintiff was not entitled to recover against anybody except the parties who personally employed him. Under these circumstances, it is impossible to modify the judgment by reducing the recovery, and no other course is open to us but to order a new trial, upon which the plaintiff must restrict his claim to such services as were promotive of the objects of the syndicate, and came within the scope of the agreement between the parties to the enterprise.

All concurred.

Exceptions sustained and new trial granted, costs to abide the event.