PALLISER v. ERHARDT et al.

(Supreme Court, Appellate Division, Second Department. July 25, 1901.)

1. CONTRACTS—CONSTRUCTION—PARTIES.

Where a real-estate partnership was organized under an agreement to raise $53,000 for improvements, and the court held in a former suit that such agreement did not warrant a contract by two members with architects for plans for a hotel to cost $115,000, and the partners did not object to such construction, the architects, not being parties to the agreement, could not, in an action for services, raise the question that its terms were ambiguous, and that they were entitled to show that other properties of like character were developed by the erection of hotels and cottages.

2. SAME.

Where a real-estate partnership, which purchased land valued at $442,-000, and gave a mortgage thereon, agreed that by sale of stock $53,000 should be raised to improve the properties, and that the proceeds of sales of properties should be applied in a certain manner provided in the certificates, and that such application should be made whenever there was $25,000 on hand, it was evident that such agreement did not contemplate the erection, as an improvement, of a hotel costing $115,000; and, two of the members having made an unwarranted agreement with architects for plans for such hotel, the architects could not show, in an action for services, that other like properties were improved in that manner.

Exceptions from special term, Westchester county.

Action by George Palliser against Joel B. Erhardt and others to recover for services as an architect. There was a verdict in defendants' favor, and exceptions ordered to be heard in the first instance by the appellate division. Exceptions overruled, and judgment on the verdict.

Argued before GOODRICH, P. J., and JENKS, WOODWARD, HIRSCHBERG, and SEWELL, JJ.

Hector M. Hitchings, for plaintiff.

John L. Cadwalader, James S. Darcey, John C. Coleman, and Francis G. Kimball, for defendants.

WOODWARD, J. This is the second time this case has been before this court upon orders to hear the exceptions in the first instance here. On the former trial the jury found a verdict for $2,000 in favor of the plaintiff, but this was reversed because it contained an award for plans for a hotel. 46 App. Div. 222, 61 N. Y. Supp. 191. Upon the second trial the hotel plans were wholly excluded from the consideration of the jury, and a verdict for the plaintiff for other work was found for $681. The exceptions were ordered to be heard in the first instance here, but the defendants have abandoned their exceptions, and the exceptions of the plaintiff only are now before us. The plaintiff, notwithstanding the very clear intimation of the court upon the former argument that there could be no recovery for the work alleged to have been done by the plaintiff in preparing plans for a proposed hotel, made a persistent effort to include evidence of this work in the record; and it is now urged that it was error for the trial justice to exclude testimony showing how similar suburban property is usually developed, and to

refuse to submit the question of employment and liability to the jury. The claim of the plaintiff grows out of an employment by Edwards & Lowerre, real-estate dealers and brokers, who appear to have been associated in a partnership with certain capitalists, represented by Joel B. Erhardt as trustee, in an extensive real-estate speculation. The principal question before the court when the case was last before us was whether there was a partnership, and this question was determined in favor of the plaintiff; it being held that as to third parties the relations of the defendants were those of co-partners. These capitalists, who were known as the Erhardt, Edwards & Lowerre Syndicate, purchased a tract of land in Greenburg, Westchester county, which was conveyed by deed to Joel B. Erhardt, as trustee, on October 31, 1890, subject to a mortgage of $422,000; and a written agreement was entered into between the parties in which it was provided that:

"The trustee shall issue to each subscriber hereto preferred and common certificates in the form hereto annexed, * * * and the further sum of thirty-five thousand three hundred dollars ($35,300) in preferred certificates, * * * and a similar amount in common certificates, which preferred certificates and one-half of the said last-mentioned common certificates are to be sold and disposed of for the purpose of raising money to develop and prepare for the market said properties," etc.

It will thus be seen that there was a provision for raising not to exceed $52,950 for the development and improvement of the property in preparing it for market. It was further provided that:

"The proceeds of the sale of said properties, after the payment of taxes and assessments, and the necessary expenses of developing, managing, and selling the same, are to be applied by said trustee in the manner stipulated in said certificates; such application to be made as often as there shall be twenty-five thousand dollars ($25,000) on hand, and oftener if the trustee thinks proper."

On the face of this agreement it is clear that there was no intention on the part of the subscribers to the fund to provide for the erection of a hotel to cost in the neighborhood of $115,000, because the fund for the improvement and preparation of the same for market was limited to less than one-half this amount, and the accumulations were to be distributed whenever $25,000 had been brought together, and oftener if the trustee thought proper. The plaintiff, however, insists that the language of the contract is ambiguous, and that he has a right to show that other properties of this character were developed by means of the erection of hotels and cottages. The rejection of this character of evidence is the main question raised by the exceptions. The answer to this is that the plaintiff was not a party to this contract, and, as no one who had interests under its provisions has raised any question as to its meaning, it is not for a third party to say that the construction formerly put upon it by this court, and sanctioned by all of the persons who were parties to the original agreement, is not the correct one. The fact that other syndicates, under other agreements, the details of which are not before this court, may have erected hotels or cottages as a means of inviting people to settle upon suburban tracts, has no bearing upon the question presented under

the agreement set forth in this action, and we are entirely clear that the trial court did not err in excluding the evidence offered upon this point.   There is no ambiguity in this contract upon this point; no suggestion that any one acting under its provisions is to be governed by custom, or that they are authorized to expend any sum in excess of that provided for in the agreement, which of itself is entirely inadequate to the construction of the proposed hotel, not to mention the work which is outlined in the way of constructing bridges, grading and opening streets, and many other things which would be necessary to put the property in a condition to be sold. No one would think of the erection of a magnificent hotel as an incident to the development, management, and sale of a plotted tract of real estate, unless the fact were to be specially mentioned in the agreement.   When we consider that the whole tract was valued at $422,000, and that the proposed hotel, for which the plaintiff demands compensation for the drawing of the plans, involved an expenditure of $115,000, for which no adequate provision of funds was made, it becomes obvious that this was entirely outside of the partnership agreement existing between the defendants, and that the plaintiff cannot recover for this work in the action now before us.   The other questions involved in this action were disposed of upon the occasion of the former hearing of the exceptions (46 App. Div. 222, 61 N. Y. Supp. 191), and it does not seem necessary to follow the discussion further.

The exceptions should be overruled, and judgment entered on the verdict, with costs to the defendants.   All concur, except GOODRICH, P. J., who took no part.